IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH A. ESSAY,<br><br>      Plaintiff,<br><br>    vs.<br><br>KILOLO KIJAKAZI,[1]<br>*Acting Commissioner of Social Security*,<br><br>      Defendant. | Civil Action No. 21-70 |

ORDER

AND NOW, this 14th day of June 2022, the Court has considered the parties' summary judgment motions and will order judgment in Defendant's favor except as to costs.[2] The Administrative Law Judge's ("ALJ") decision—which is the agency's final decision in this matter pursuant to 20 C.F.R. §§ 404.981, 416.1481—wherein she denied Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, and Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*, respectively, is supported by substantial evidence. Accordingly, the Court will affirm the decision. *See* 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005); *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545 (3d Cir. 2003).[3]

---

[1]     Kilolo Kijakazi is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d). This substitution has no impact on the case. 42 U.S.C. § 405(g). The Clerk is directed to amend the docket to reflect the substitution.

[2]     Defendant has asked that costs be taxed against Plaintiff but has not argued costs; therefore, the Court's order in favor of Defendant excludes an award of costs. *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

[3]     Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ ignored her parents' statement in support of her applications, inappropriately found Plaintiff's daily activities undermined her professed limitations, and formulated a residual functional capacity for Plaintiff that did not fully accommodate Plaintiff's mental impairments

1

and resultant limitations.  The Court is unpersuaded of the errors alleged.  The ALJ's decision is supported by substantial evidence and will be affirmed.

To demonstrate disability under the Act, a claimant must prove that he or she cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (citation omitted).  ALJs use a five-step analysis to evaluate disability.  *Cefalu v. Barnhart*, 387 F. Supp. 2d 486, 492 (W.D. Pa. 2005) (explaining that the same five-step analysis is used to determine disability for DIB and SSI applications).  At step one, the ALJ asks whether the claimant is engaged in "substantial gainful activity."  *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999) (citing 20 C.F.R. §§ 404.1520(a)).  At step two, the ALJ asks whether the claimant has a severe, medically determinable, durationally sufficient impairment.  *Id.* (citation omitted).  At step three, the ALJ compares the claimant's impairment(s) to a list of presumptively disabling impairments listed in the regulations.  *Id.* (citation omitted).  At step four, the ALJ must find the claimant's residual functional capacity ("RFC") and determine whether the claimant can return to his or her past relevant work with the RFC.  *Id.* (citation omitted).  The RFC represents the most the claimant can do despite limitations arising from medically determinable impairments.  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  If the claimant cannot return to past relevant work, then the inquiry proceeds to step five where the ALJ must identify other adequately abundant work that the claimant can do with his or her RFC and vocational characteristics.  *Plummer*, 186 F.3d at 428 (citation omitted).  If such work is unavailable, the ALJ will find the claimant is disabled.  *Id.*

Plaintiff challenges the ALJ's RFC determination at step four.  The ALJ there formulated for Plaintiff an RFC that included work at all exertional levels but with a number of non-exertional limitations to accommodate Plaintiff's mental impairments, including ADHD, major depressive disorder, bipolar disorder, anxiety, and PTSD.  (R. 19, 22—23).  Most broadly, Plaintiff asserts that the ALJ's RFC determination is unsupported by substantial evidence.  More specifically, she argues that the ALJ ignored relevant evidence, that is, the personal statement that Plaintiff's parents submitted for the Social Security Administration's ("SSA") consideration of her claim.  ALJs have a duty to "consider all relevant evidence" when they formulate a claimant's RFC.  *Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001); 20 C.F.R. § 404.1545(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record.").  This includes descriptions a claimant's limitations offered by "the claimant and others."  *Fargnoli*, 247 F.3d at 41.  However, ALJs are not expected to discuss "every relevant treatment note."  *Id.* at 42.  Accordingly, reviewing courts do not order remand every time an exhibit is overlooked.  To warrant remand, a claimant must explain how the overlooked evidence would have "made any difference" in the outcome of his or her case.  *Holloman v. Comm'r Soc. Sec.*, 639 Fed. Appx. 810, 814 (3d Cir. 2016) (citing *Shinseki v. Sanders*, 556 U.S. 396, 413 (2009)).

In this matter, the ALJ made no mention of Plaintiff's parents' personal statement in her decision. However, Plaintiff has not demonstrated to the Court that the omission of this exhibit from the ALJ's decision affected the outcome. In their March 2020 statement, Plaintiff's parents represented to the SSA that Plaintiff started renting a room from them after completing her stay at an in-patient treatment facility for suicidal ideations in 2018; suffered from depression, bipolar disorder, PTSD, anxiety, insomnia, and physical health problems; actively received treatment from a number of persons, including doctors, therapists, and social workers; had symptoms that included fatigue, gastric problems, lack of appetite, social anxiety, limited focus, difficulty leaving the house, and night terrors; and that Plaintiff had successfully discontinued use of alcohol and drugs. (R. 355). Though relevant, the information provided in this statement is not unique insofar as the ALJ accounted for the same information about Plaintiff's impairments and limitations in her discussion of other evidence. The ALJ acknowledged that Plaintiff's treatment records demonstrated "a history of psychiatric hospitalization and self-harming behaviors" and diagnoses including ADHD, major depressive disorder, bipolar disorder, anxiety, and PTSD. (R. 23, 24). The ALJ again cited Plaintiff's treatment records in finding that Plaintiff reported "mood instability, stress, anxiety, difficulty sleeping, and night terrors." (R. 23). She considered Plaintiff's responses on a Function Report and Plaintiff's Hearing Testimony insofar as it was probative of Plaintiff's difficulty concentrating and remembering instructions. (*Id.*). The ALJ considered all this evidence, but also considered that Plaintiff's mental status examinations were "generally unremarkable" and that there was no objective evidence of "significant deficits in memory or concentration." (R. 24). It is not apparent to the Court that Plaintiff's parents' statement would have affected the balance of this evidence. Therefore, its omission from the ALJ's decision does not warrant remand.

Plaintiff's next argument challenges the ALJ's consideration of her daily activities. Plaintiff argues that in finding she could perform light and medium unskilled work, the ALJ excessively relied on Plaintiff's routine activities like caring for her daughter, preparing meals, cleaning, doing laundry, driving, shopping, managing finances, attending meetings, and visiting family. Plaintiff does not deny having participated in these activities, but argues that "school, hobbies, housework, social activities," and the like do not demonstrate an individual's capacity for substantial gainful activity. (Doc. No. 17, pg. 17). For support, she cites the United States Court of Appeals for the Third Circuit's decision in *Fargnoli* wherein the court explained that "sporadic and transitory activities" do not demonstrate the capacity for substantial gainful activity. 247 F.3d at 40 n.5. That is, "[d]isability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity." *Smith v. Califano*, 637 F.2d 968, 971 (3d Cir. 1981).

While Plaintiff is correct that disability will not be disproved merely because a claimant has, on occasion, tidied up his or her residence or gone for a drive, she is incorrect to the extent that she implies a claimant's daily activities are irrelevant to the determination of his or her RFC. *Turby v. Barnhart*, 54 Fed. Appx. 118, 121 n.1 (3d Cir. 2002). The regulations make it clear that a claimant's daily activities are relevant evidence. 20 C.F.R. § 404.1529(a) ("We will consider

3

all of your statements about your symptoms, such as pain, and any description your medical sources or nonmedical sources may provide about how the symptoms affect your activities of daily living and your ability to work."); SSR 16-3P, 2017 WL 5180304, at *6—7 (S.S.A. Oct. 25, 2017) (explaining, *inter alia*, the relevancy of claimants' own statements concerning how their symptoms affect their daily activities and medical source statements pertaining to the same). Plaintiff's daily activities were significant; as recounted in the ALJ's decision, the evidence of record indicated that Plaintiff took classes (R. 24, 753, 838, 841, 933), went on vacation (R. 24, 943, 953), went to a concert (R. 24, 843), visited family (R. 24, 935), and watched her sister's children (R. 24, 755). Even so, the ALJ did not base her RFC finding on Plaintiff's daily activities alone, but also on the "clinical evidence of record." (R. 25). The Court discerns no error in the ALJ's consideration of the daily activities and other evidence, and the Court may not endeavor to strike a new balance among all this evidence merely because Plaintiff is dissatisfied with the balance struck by the ALJ. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) ("Courts are not permitted to re-weigh the evidence or impose their own factual determinations.").

Plaintiff has also made several arguments that challenge the ALJ's accommodation of her mental limitations in the RFC. Generally, Plaintiff asserts that her mental limitations are incompatible with sustained light or medium unskilled work. More specifically, she argues that the ALJ should have found that she would be interrupted in her work 20% to 30% of the time because she earlier found—in her evaluation of Plaintiff's mental functioning for the step-three Listings determination—that Plaintiff was moderately limited in concentrating, persisting, or maintaining pace. (Doc. No. 17, pgs. 3, 17 ("Moderate concentration limitations means interruptions of 20% to 30% of the time at work.")). Plaintiff also presents this issue as a challenge to the way that the ALJ questioned the vocational expert ("VE") at her hearing. However, critiques of how an ALJ questioned a VE are often mere restatements of challenges to an ALJ's RFC determination. *Rutherford*, 399 F.3d at 554 n.8 ("[O]bjections to the adequacy of hypothetical questions posed to a vocational expert often boil down to attacks on the RFC assessment itself."). Such is the case here.

The Court finds no concentration-related oversight in the ALJ's RFC determination. In this matter, the ALJ found a moderate limitation of Plaintiff's ability to concentrate, persist, or maintain pace at step three. (R. 21). The ALJ explained her finding by reference to Plaintiff's self-reported difficulty maintaining concentration and completing tasks, as well as Plaintiff's ADHD diagnosis. (*Id.*). While that evidence supported some limitation of Plaintiff's ability to concentrate, other evidence counseled that such limitation would not be work preclusive, *e.g.*, evidence that Plaintiff was able to participate in college courses. (*Id.*). Before moving past step three, the ALJ explained that her step-three findings would be reflected in the RFC but were separate from the RFC finding. (R. 22). For Plaintiff's RFC, the ALJ considered additional relevant evidence such as the State agency psychological consultant's opinion that Plaintiff suffered no more than moderate limitation in any area of mental functioning. (R. 24). Based on that evidence, the ALJ limited Plaintiff to a stable work environment; self-paced work; work that

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 16) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 18) is GRANTED as specified above.

s/ Alan N. Bloch<br>United States District Judge

ecf:    Counsel of Record

---

did "not require the attainment of precise tolerances, standards, or limits;" and the opportunity to train for up to thirty days. (R. 22—23). Plaintiff cites nothing to justify her argument that any further limitation—*i.e.*, an accommodation for interruptions 20—30% of the workday—was "credibly established" and therefore ought to have been included in the RFC. *Rutherford*, 399 F.3d at 554. Accordingly, the Court is unpersuaded that the ALJ failed to accommodate Plaintiff's established concentration limitations in the RFC.

Lastly, Plaintiff has asserted, without offering any real explanation in support of the assertion, that the ALJ erred when she limited Plaintiff's interactions with the public and co-workers, but not with supervisors. (Doc. No. 17, pg. 17). A passing assertion of error fails to raise an issue before the courts. *Com. of Pa. Dep't of Pub. Welfare*, 101 F.3d at 945. But even if Plaintiff had raised this issue adequately, she has failed to identify any evidence that the ALJ overlooked in articulating an RFC that left her interactions with supervisors unrestricted. Where there is no indication of what other evidence the ALJ should have discussed, "a plaintiff's complaint of inadequate discussion is without merit." *Saez v. Colvin*, 216 F. Supp. 3d 497, 513 (M.D. Pa. 2016) (citing *Hernandez v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 230, 235 (3d Cir. 2006)). For this and the foregoing reasons, the Court finds that the ALJ's decision is supported by substantial evidence.